### FOR THE COUNTY OF

# HANCOCK.

### JUNE TERM.

#### 1827.

*Memorandum.*   *Weston J.* was not present at this term.

### PETERS & AL. *vs.* FOSS.

Where one, having entered into lands not his own, submitted to the title of the true owner, with whom he made a verbal contract for the purchase of the lands; and afterwards mortgaged them to a stranger; it was held that the mortgage was no disseisin of the true owner, the possession not having been changed.

THIS was a writ of entry, in which the demandants counted on their own seisin, and a disseisin by the tenant; and it was tried on the general issue.

The title of the demandants was under a mortgage made to them and registered in 1821, by *John Wentworth ;* who died in 1823, having dwelt on the premises from the year 1801 till his death.

The tenant proved that on the 14th of *February* 1794, the Commonwealth of Massachusetts conveyed a tract of land, of which the premises are a part, to *Leonard Jarvis ;* whose heirs at law conveyed the land in question, *March* 11, 1825, to the tenant. *Wentworth* entered in 1801 under one *Joy,* who had pretended to own the land; but was soon after informed that *Jarvis* was the true owner. In 1804 *Wentworth* agreed to purchase the premises of *Jarvis,* at two dollars

Peters & al. *v.* Foss.

per acre ; and continued to live on the land, under that agreement, as *Jarvis's* agent supposed.　*Foss*, the tenant, married *Wentworth's* daughter ; and after the decease of his father in law, being required by the demandants to give them possession of the land, he refused, saying he had bought it of the heirs of *Jarvis.*

Upon this evidence the Chief Justice directed a verdict to be returned for the tenant ; which was taken subject to the opinion of the court upon the question whether the action could be maintained.

*Greenleaf* and *Deane*, for the demandants, maintained the following points :

1. Whether the title was originally in *Jarvis* or not, is not material in this action ; because the mortgage deed of 1821, by *Wentworth* to the demandants, was a disseisin of *Jarvis* and all others.

2. *Wentworth* dying in possession, a descent was cast upon his heirs, and the entry of *Jarvis* was thereby taken away.　Consequently his deed to the tenant, of *March* 11, 1825, could not operate, except to confirm the title of his wife, who was one of *Wentworth's* heirs at law.

3. The tenant and wife are both estopped to claim against the warranty of her father.

*Orr* and *Abbot*, for the tenant, denied that here was any evidence of a disseisin.　*Wentworth* submitted to the title of *Jarvis* in 1804 ; after which he was a tenant at will ; whose mortgage could not disseise the landlord, because there was no change of possession, nor actual notice given to the owner of the soil.　No descent was cast, because *Wentworth* had nothing to descend.　His possession was merely the possession of *Jarvis.*　*Warren v. Fernside* 1. *Wils.* 176. *Little v. Megquier* 2. *Greenl.* 178.　*Propr's. Ken. Pur. v. Laboree* *ib.* 286.　*Higby v. Rice* 5. *Mass.* 344.　*Groton v. Boxborough* 6. *Mass.* 50.

MELLEN C. J. delivered the opinion of the Court.

It appears that *Wentworth*, under whom the demandants claim, never had any thing more than merely a possessory title, which he mortgaged to them in 1821 ; but he continued in the possession of

the land till his death in 1823, and some of his children remained there after his death. But though he entered on the lands in 1801, yet in the year 1804 he distinctly recognized the title of *Leonard Jarvis*, to whom the lands had been conveyed by a committee of the Commonwealth of Massachusetts in 1794; and whose heirs conveyed the same to the tenant in 1825. As *Wentworth*, in 1804, offered to purchase of *Jarvis*, and claimed no title of his own, he could not then be considered a disseisor; and we do not find him doing any act, in relation to this land, indicating a claim of property, until he made the mortgage deed; and we are not to presume any thing in favor of a wrong doer. As that was only two years before his death, his children and heirs would have had no better title to the land in consequence of the descent cast, if he had not conveyed whatever right he had, before his death. But it is said that as the mortgage deed was duly registered in 1821, this constituted a disseisin of the heirs of *Leonard Jarvis*, so that their deed to the tenant was ineffectual. The answer to this argument is obvious. The demandants never entered into the actual and open possession of the land; and without such entry and possession of all or a part of the lands described in the deed so recorded, it does not amount to a disseisin. This we have decided in the cases of *Little v. Megquier* and *Prop'rs. Ken. Pur. v. Laboree*, cited in the argument. As to the equitable interest in the improvements made on the land, we have nothing to do with them in this cause, the legal title only being in question. The objection that the tenant is estopped by the mortgage deed made by the father of his wife, cannot be sustained. He claims nothing in virtue of her heirship; and besides, if he was estopped to claim the land against that deed, he surely is not estopped to claim under the title of Massachusetts, which he has acquired since that deed was executed. To carry the doctrine to such an extent, would be a violation of all principle. There must be

*Judgment on the verdict.*